UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>               Plaintiff,<br><br>     vs.<br><br>JANE DOE,<br><br>               Defendant. | Case No. SACV 12-1996-ABC (RNB)<br><br>ORDER TO SHOW CAUSE |

      In its July 17, 2013 Order re Further Proceedings, the Court found that the factual allegations of the operative Fourth Amended Complaint at least arguably were sufficient to state a federal civil rights claim based on inadequate medical care against the sole named defendant, identified as "Jane Doe," a medical doctor at Orange County Jail who plaintiff was alleging had evaluated plaintiff upon his arrival at the Jail, and who plaintiff further was alleging had refused to comply with the medication orders of plaintiff's treating physician at Coalinga State Hospital.

      However, as the Court advised plaintiff, it was going to be necessary for him to ascertain the identity of Jane Doe before the Court could order the Marshal to serve her. The Court noted that, pursuant to Fed. R. Civ. P. 4(m), service of process must be accomplished within 120 days after a complaint is filed; and that the filing of an amended complaint does not in itself toll the service period with respect to defendants

named in the original complaint. See 4B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137, at 377 (2002). Here, Jane Doe had been one of the doe defendants named in plaintiff's original complaint, which had been filed more than 120 days earlier. Nevertheless, out of consideration of plaintiff's pro per and custodial status and based on the fact that it appeared from the exhibits attached to the Fourth Amended Complaint that plaintiff had been diligently seeking to ascertain the identity of Jane Doe and had been thwarted so far, the Court found that good cause existed to afford plaintiff a full 120 days from the service date of the July 17, 2013 Order to provide the Court with the identifying information for Jane Doe. Plaintiff was expressly forewarned though that, if he failed to provide the identifying information for Jane Doe within the new 120-day period, the Court might recommend the dismissal of this action without prejudice unless plaintiff could show good cause for his failure.

By the Court's calculation, the new 120-day period lapsed on November 18, 2013, and plaintiff still has failed to provide the identifying information for Jane Doe.

Plaintiff therefore is now ORDERED, on or before **January 13, 2014**, to show cause, if any, for (a) his failure to provide the identifying information prior to the lapse of the new 120-day period on November 18, 2013 and (b) why this action should not now be dismissed without prejudice under the authority of Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), which held that the dismissal of an unserved defendant pursuant to Fed. R. Civ. P. 4(m) is appropriate where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint and fails to remedy the situation after being informed of the problem.

DATED: December 4, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE